UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case Nos.: |
| | ) | |
| FURNAS COUNTY FARMS; | ) | 04-81489 |
| 7-11 PORK FOODS, INC.; | ) | 04-41890 |
| ARAPAHOE FEED MILL, L.L.C.; | ) | 04-81491 |
| FURNAS COUNTY FARMS MARKETING | ) | 04-81492 |
| COMPANY, L.L.C.; and | ) | |
| FURNAS COUNTY TRUCKING, L.L.C., | ) | 04-81494 |
| | ) | Chapter 11 |
| Debtors. | ) | |

**MOTION FOR ORDER UNDER 11 U.S.C. § 105(a) AUTHORIZING THE USE OF SECURED COLLATERAL TO PAY CERTAIN PRE-PETITION CLAIMS OF FARMERS, TRUCKERS AND CONTINUING TRADE VENDORS**

Furnas County Farms, et al. Debtors and Debtors in Possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion") for an order, pursuant to Section 105(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the use of secured collateral for the payment of certain pre-petition claims of certain farmers, truckers and continuing trade vendors. In support of this Motion, the Debtors rely on the Affidavit of Steve Weiss in Support of Chapter 11 Petitions and First Day Orders (the "Weiss Affidavit"). In further support of this Motion, the Debtors respectfully represent as follows.

**BACKGROUND**

A. **The Chapter 11 Filings**

1.     On May 3, 2004 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

156229

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) of the Bankruptcy Code.

3. The Debtors have moved this Court for an order for joint administration of these Chapter 11 cases.

4. No creditor's committee has yet been appointed in these cases. No trustee or examiner has been appointed.

5. The Secured Lenders, as defined below, have been provided notice of this Motion.

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The relief sought herein is based upon section 105(a) of the Bankruptcy Code.

### B. Background of Debtors

8. The Debtors are engaged in owning, leasing, operating and managing swine operations in Nebraska, South Dakota and Iowa.

9. Collectively, the Debtors have annual sales of approximately $80,000,000. At the time of the filing the Debtors believe all of their assets are worth approximately $50,000,000, based on the Asset Purchase Agreement between the Debtors and AFA Acquisition Co., LLC. All of the assets were pledged to pre-petition secured lenders ("Secured Lenders") who are owed approximately $112,000,000 of principal and $10,000,000 of interest. Additionally, the debtors have other liabilities of approximately $70,000,000. At the time of the bankruptcy filing the amount of trade payables was approximately $5,000,000.

10. The Debtors employ approximately 375 salaried and hourly employees.

11.     As of the petition date the Debtors were managing approximately 430,000 head of swine that require constant monitoring, feeding and care.

12.     The Secured Lenders have agreed to allow their collateral to be used to fund the payments requested under this Motion. The Secured Lenders agree and have no objection to this Motion.

## RELIEF REQUESTED

13.     By this Motion, the Debtors seek entry of an order authorizing, but not requiring, them to pay, in the reasonable exercise of their business judgment, the pre-petition claims of certain farmers, truckers and continuing vendors that are essential to the uninterrupted functioning of the Debtors' business operations and the survival of the Debtor's livestock (these parties will be referred to as "Farmers" "Truckers" "Continuing Vendors" and jointly as "FTC Vendors" whose Pre-Petition claims shall be identified as "FTC Vendor Claims"). Payment of the FTC Vendor Claims is vital to the value of the Debtors' estate, as (a) the goods and services provided by the FTC Vendors are required for the welfare of the livestock of the Debtor, (b) failure to pay the FTC Vendor Claims would, in the business judgment of the Debtors, very likely result in the FTC Vendors and other vendors terminating their provision of goods and/or services to the Debtors, and/or (c) the FTC Vendors would themselves be irreparably damaged by the Debtors' failure to pay their Pre-Petition claims, resulting in the Debtors being forced to try to obtain goods and services elsewhere that would either not be available, be at a higher price, at unfavorable terms to the Debtors, or not of the quality required by the Debtors. In addition, some of the specific FTC Vendors provide not only merchandise but also indispensable infrastructure and support to certain of the Debtors' operations.

14.     The Debtors' livestock production capacity depends upon the timely supply of new livestock, feed, transportation, veterinary drugs, and other supplies.  Due to the volume and nature of the Debtors' operations, finding immediate replacements for these goods and services is highly unlikely or impossible.   In many cases the Debtor's current vendor is the only option in that respective market.

## PAYMENT PROCEDURE AND TERMS

15.     The Debtors request authorization to pay all, a portion or none of the FTC Vendor Claims as determined by the Debtors in their sole discretion to continue the delivery of goods and services provided by the FTC Vendors.  Additionally, the Debtors may be unable to pay any, part or all of the FTC Vendors Claims because the Debtor may not have enough cash or cash equivalents necessary to make such payments.  The availability of cash or cash equivalents is controlled by the DIP loan documents and the Cash Collateral Order.  Authorization to use cash collateral to pay FTC Vendor Claims is subject to the consent of the Secured Lenders and the Interim Order for Use of Cash Collateral.  Although the Debtors may not pay any FTC Vendor Claim, the Debtors propose to limit and condition the payment of any FTC Vendor Claims on the following:

   A.  In the case of Farmers, the Debtors will consider the payment for all goods delivered to the Debtor~~s after April 19, 2004~~ (Approximate Amount $450,000);

   B.  In the case of transportation services provided by Truckers, the Debtors will consider paying for transportation services provided to the Debtor ~~on or after April 19, 2004~~ (Approximate Amount $50,000);

   C.  In the case of Continuing Vendors, the Debtors will consider a partial payment for goods or services delivered to the Debtor on or after April 19, 2004.  The Debtors currently

4

believe that Debtors will have approximately $1,600,000 available to pay Continuing Vendors. The Debtors estimate that Continuing Vendor claims may exceed $1,600,000. If the amount of Continuing Vendor claims exceeds the amount of funds available, the Debtors would pay each Continuing Vendor a pro rata share of the money available to pay the Continuing Vendors;

    D. Each FTC Vendor would agree to continue supplying goods and services to the Debtors on reasonable trade terms which would be agreed to by the Debtor; and

    E. The Debtors reserve the right to negotiate new trade terms with any FTC Vendor as a condition to payment of any FTC Vendor Claim.

16. To ensure that the FTC Vendors continue to sell goods and services to the Debtors, the Debtors will attempt to enter into agreements with FTC Vendors ("FTC Agreement").

17. The Debtors believe that it will have access to funds for the payment of FTC Vendors. The timing of the payments by the Debtor to the FTC Vendors is planned as follows:

    A. Pay Farmers within 10 days of the entry of an order by this Court;

    B. Pay Truckers within 10 days of the entry of an order by this Court; and

    C. Pay Continuing Vendors within 14 days of the closing of the sale of the Debtor's business as set forth in the DIP loan agreement and Cash Collateral Order.

18. By this Motion, the Debtors seek only the authority to enter into FTC Agreements, when the Debtors determine in their discretion that such an agreement is necessary, and not to be required to do so. The Debtors seek authority to make payments on account of such FTC Vendor's claims, notwithstanding the fact that following diligent efforts to enter into an FTC Agreement with an FTC Vendor, no FTC Agreement has been reached, if the Debtors determine,

5

in their business judgment, that failure to pay the FTC Vendor Claim is likely to result in irreparable harm to the Debtors' business operations.

19.     For those FTC Vendors who have agreed to ship goods or render services on trade terms other than their customary terms, the Debtors reserve the right to obtain written acknowledgement of such terms on a case-by-case basis.  Nothing in this Motion shall be construed as a waiver by any of the Debtors of their rights to contest any invoice of a FTC Vendor under applicable non-bankruptcy law.

20.     If a FTC Vendor refuses to supply goods and/or service to the Debtors on acceptable trade terms following receipt of payment on its FTC Vendor Claim, or fails to comply with any FTC Agreement entered into between such FTC Vendor and the Debtors, then the Debtors seek authority, in their discretion and without further order of the Court, (a) to declare that any FTC Agreement between the Debtors and such FTC Vendor is terminated (if applicable), and (b) to declare that provisional payments made to FTC Vendors on account of FTC Vendor Claims be deemed to have been in payment of then-outstanding Post-Petition claims of such vendors without further order of the Court or action by any person or entity.  In the event that such events occur, a FTC Vendor shall then immediately repay to the Debtors any payment made to it on account of its FTC Vendor Claims to the extent that payments on account of such FTC Vendor Claims exceed the Post-Petition claims of such vendors then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.

21.     Some of the FTC Vendors also may have obtained mechanics' liens, possessory liens, or other similar state law trade liens ("Liens') on the Debtors' assets, based upon FTC Claims held by such vendors.  As a further condition of receiving payment on a FTC Claim, an FTC Vendor

6

must agree to take whatever action is necessary to remove the Lien at such FTC Vendor's sole cost and expense.

### Payment of the FTC Vendor Claims Is Necessary for the Debtors' Successful Chapter 11 Cases

22. Debtors believe that payment of the FTC Vendor Claims is necessary to effect their successful execution of this proceeding. If the Motion is not granted, the FTC Vendors and other vendors are likely to discontinue providing goods to the Debtors on reasonable trade terms, effectively reducing the amount of credit available to the Debtors. Moreover, the Debtors believe that certain of the FTC Vendors might cease to do business with the Debtors altogether, resulting in the Debtors' inability to obtain certain essential goods and services and forcing the Debtors to incur higher costs and potentially causing irreparable damage to the value of the Debtor's operating assets, including the death of the Debtor's livestock.

23. The Debtors believe that preserving working capital through the retention or reinstatement of traditional trade credit terms will enable them to maximize the value of their business, for the benefit of the Debtors, their estates and creditors. Conversely, a deterioration of trade credit and a disruption or cancellation in the delivery of goods or provision of services-many of which are not readily replaceable-would cripple the Debtors' business operations, increase the amount of funding needed by the Debtors Post-Petition, and ultimately reduce the value of the Debtor's business.

24. In addition, the relief requested herein, if granted, will likely avert the filing of countless claims, suits, liens and motions by claimants seeking payment of or priority for their claims on a variety of grounds. Avoiding the time, distraction and considerable expense of evaluating the merits of such claims will benefit the Debtors, their estates and creditors while facilitating the administration of these cases.

## Applicable Authority

25. Section 105(a) of the Bankruptcy Code provides as follows:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).  This section provides bankruptcy courts with broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory or equitable common law principles.

26.    In this proceeding an order approving the Motion is appropriate to preserve the value of the estate and protect the Debtors' business entity during the bankruptcy proceeding.

27.    All payments that may be potentially made by the Debtors will be made with secured collateral and will not reduce the value of the estate for unsecured creditors.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to pay the FTC Vendor Claims as set forth herein, subject to the availability of funds as may be permitted pursuant to the Debtors' Post-Petition financing agreement, and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: May 3, 2004.

FURNAS COUNTY FARMS, et al.,
Debtors and Debtors-in-Possession

BY:   s/ James A. Overcash
Joseph H. Badami, #10155
James A. Overcash, #18627
Woods & Aitken LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
jbadami@woodsaitken.com
jovercash@woodsaitken.com
(402) 437-8500

8

## NOTICE OF HEARING

Please be advised that a hearing on the foregoing Motion will be heard before the Honorable Timothy J. Mahoney on May 4, 2004 at 1:30 p.m. CDT at the United States Bankruptcy Court, Roman L. Hruska Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Trustee's Office

s/ James A. Overcash
James A. Overcash, No. 18627