UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case Nos.: |
| | ) | |
| FURNAS COUNTY FARMS, et. al., | ) | 04-81489 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

**AFFIDAVIT OF STEVEN WEISS**

| | |
|---|---|
| STATE OF IOWA | ) |
| | ) ss. |
| COUNTY OF CERRO GORDO | ) |

STEVEN WEISS, being first duly sworn upon oath, deposes and states as follows:

1. I am of legal age and competent to give this affidavit.

2. I am employed by Comprehensive Consulting Solutions, L.L.C., an Iowa limited liability company ("Solutions").

3. Prior to the filing of the bankruptcy petitions herein, Solutions was employed by Sand Systems, Inc. to perform management consulting services for the Debtors, including monitoring the Debtors' business and consulting as to the management of the hog production business of the Debtors, which includes the breeding, raising, feeding, health maintenance and transportation of live animals. In my capacity as manager of Solutions, I became knowledgeable as to the Debtor's vendors, financial statements, creditors and

00162145

other business matters. The remaining paragraphs of this Affidavit are based on such knowledge and are accurate to the best of my knowledge and belief.

4. I have been involved in the marketing of the Debtors' Assets for sale to various entities since the start of providing consulting services to the Debtors. These efforts have been extensive and included contacting potential buyers for the Debtors' Assets in various states and countries.

5. Approval of the Asset Purchase Agreement and consummation of the transaction contemplated by the Asset Purchase Agreement is in the best interests of the Debtors, its creditors, its estates, and other parties in interest.

6. The consideration to be provided by the Buyer for the Assets pursuant to the Asset Purchase Agreement is, in my opinion, (i) fair and reasonable, (ii) the highest and best offer for the Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative, (iv) constitutes reasonably equivalent value and fair consideration, and (v) it is unlikely that the Debtors and the Buyer would consummate the Sale if all claims, including successor liability, related to the Assets were not extinguished

7. The Buyer would not have entered into the Asset Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, its estates, and its creditors, if the sale of the Assets to the Buyer and the assignment of the assumed executory contracts and unexpired leases ("Assumed Contracts") to the Buyer were not free and clear of all interests, or if the Buyer would, or in the future could, be liable for any of the liens, claims and encumbrances

8. The Assumed Contracts potentially being assigned to the Buyer are an integral part of the Assets being purchased by the Buyer and, accordingly, such assumption and assignment of Assumed Contracts are reasonable, enhance the value of the Debtors' estates, and do not constitute unfair discrimination.

FURTHER AFFIANT SAYETH NOT.

DATED: June 29, 2004.

/s/ Steven Weiss
Steven Weiss

SUBSCRIBED AND SWORN to before me this 29th day of June, 2004.

/s/ Nancy J. Mennen
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

United States Trustee
Trenten P. Bausch                    tbausch@blackwellsanders.com
P. Casey Coston                      ccoston@ssd.com
Robert V. Ginn                       rvginn@brashearlaw.com
Bradley A. MacLean                   bradley.maclean@stites.com
Stephanie L. McGehee-Shacklette      mcgehee@hbd-law.com
David Mitchell                       dcm@yostlawfirm.com
Tanya Marie Morrison                 tmorrison@blackwellsanders.com
Stephen H. Nelsen                    snelsen@cline-law.com; rkeep@cline-law.com
David W. Pederson                    bptlawdavid@netscape.net
P. Stephen Potter                    potterlaw@cozadtel.net
Michael L. Schleich                  mschleich@fraserstryker.com;

mschleich@fslf.com; ecf-bankruptcy@fraserstryker.com; ecf-bankruptcy@fslf.com

My Chi To                            mcto@debevoise.com
Steven C. Turner                     sturner@bairdholm.com;

3

sbatten@bairdholm.com; ecf-bankruptcy@bairdholm.com

| | |
|---|---|
| Michael J. Whaley | mwhaley@grosswelch.com |
| W. Eric Wood | bkfilings@nelawyers.com; courtfilings@nelawyers.com; bkfilings@aol.com |
| T. Randall Wright | rwright@bairdholm.com; jsvoboda@bairdholm.com; ecf-bankruptcy@bairdholm.com |

and I hereby certify that I have mailed by United States Mail, postage prepaid, the foregoing document to all non CM/ECF participants listed on the attached mailing list.

                                                 s/ James A. Overcash
                                                 James A. Overcash, No. 18627